UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-cv-748 (DWF/LIB)

PAUL HANSMEIER,

    Plaintiff,

DAVID MACLAUGHLIN, BENJAMIN LANGER, ANDERS FOLK; and
DI MA CORPORATION,

    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES**

## Introduction

Defendants David MacLaughlin, Benjamin Langner, and W. Anders Folk ("Federal Defendants") hereby move the Court pursuant to Federal Rule of Procedure 42(a) to consolidate this matter, *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-748 (DWF/LIB) (D. Minn.), with the prior-filed and previously consolidated cases of *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155 (JRT/LIB) (D. Minn.), and *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156 (JRT/LIB) (D. Minn.). The court should consolidate this matter with the prior-filed and previously consolidated cases and allow all three cases to proceed before Chief Judge Tunheim.

## Argument

Pro se plaintiff Paul Hansmeier commenced an action against the Federal Defendants via delivery of a copy of the Summons and Complaint on the U.S. Attorney's Office in Minneapolis, Minnesota, on March 16, 2021. Hansmeier appeared to plead claims against the Federal Defendants, as well as Di Ma Corporation, in a complaint dated

March 9, 2021; those claims were removed and constitute the complaint in *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-748(DWF/LIB) (D. Minn.) (JRT/LIB) (filed March 22, 2021) ("*Hansmeier III*").  Hansmeier has previously alleged related claims in two cases that have previously been removed and consolidated.  *See* Order to Consolidate Cases, *Hansmeier v. MacLaughlin*, *et al.*, No. 20-cv-2155, Dkt. 24 (D. Minn. Dec. 8, 2020) (consolidating *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155 (JRT/LIB) (D. Minn.) ("*Hansmeier I*"), *and Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156 (JRT/LIB) (D. Minn.) ("*Hansmeier II*").

Under Rule 42(a)(2), a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2).  Consolidation is appropriate where the actions involve "common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself [does] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H&R Block, Inc., et al.*, 580 F.3d 755, 768 (8th Cir. 2009).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).  The court considers "judicial efficiency as well as preventing unnecessary duplication of efforts and expense by the parties" in considering consolidation.  *Adedipe v. U.S. Bank, Nat'l Assoc., et al.*, Nos. 13-cv-2687, 13-cv-2944, 2014 WL 835174, *2 (D. Minn. Mar. 4, 2014).

Here, such factors support consolidation.  Hansmeier's claims in all three matters exhibit substantial legal and factual overlap.   All complaints seek declaratory judgments that the mail fraud, wire fraud, and extortion statutes (18 U.S.C. §§ 1341, 1343, 1951) are unconstitutional, and all complaints seek injunctive relief to prevent the Federal

Defendants from enforcing these statutes against Hansmeier. Indeed, the complaint in the most recently filed matter is nearly identical to the amended complaint filed in *Hansmeier I*. Consolidation would serve the interests of judicial economy, diminish confusion, and prevent duplicative briefing in these legally and factually related matters.

## Conclusion

For the foregoing reasons, this matter, *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-748 (DWFLIB) (D. Minn.), should be consolidated with *Hansmeier I* and *Hansmeier II*, and all three cases should proceed before Chief Judge Tunheim.

Respectfully submitted,

Dated: March 22, 2021

W. ANDERS FOLK
Acting United States Attorney

*s/ Kristen E. Rau*

BY: KRISTEN E. RAU
Assistant United States Attorney
Attorney ID No. 0397907
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-759-3180
Email: Kristen.Rau@usdoj.gov

3