UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED BY MAIL
AUG 23 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
AUG 23 2021
U.S. DISTRICT COURT MPLS

PAUL HANSMEIER,

    Plaintiff,

v.

DAVID MACLAUGHLIN, et al.,

    Defendants.

Case Nos. 21-cv-748   21-cv-1167
21-cv-1553

 

Plaintiff Paul Hansmeier respectfully requests that the Court consider this Motion for an Order to Show Cause and order Defendants David MacLaughlin and Anders Folk to show cause for why they should not be subject to Court-imposed sanctions for the conduct described herein. In support of this motion Hansmeier states as follows:

1. It is well-established that the Court possesses the inherent authority to address litigation misconduct via civil or criminal sanctions. In this motion, Hansmeier asks the Court to invoke this authority and order Defendants David MacLaughlin and Anders Folk (the "Federal Defendants") to show cause for why they should not be subject to such sanctions.

2. As an initial matter, the Court should consider this motion. The Magistrate Judge entered a case management order which, in relevant part, stated that the Court would not consider any motions or requests unrelated to the issue of subject matter jurisdiction pending the Court's ruling on motions to remand that are currently pending before the Court. This motion is being filed in three cases: 21-cv-748; 21-cv-1167;

and 21-cv-1553. To Hansmeier's knowledge, the Magistrate Judge's order was not entered in 21-cv-748, which would put this motion before the Court. As for the remaining cases, Hansmeier's motion to remand has been withdrawn (21-cv-1167) or was never filed (21-cv-1553). Thus, the subject matter jurisdiction issues which needed to be resolved before other issues could be considered no longer need to be resolved or never needed to be resolved in the first instance.

3. In addition, issues of litigation misconduct can be addressed independently of claims, meaning that the Court has the power to address litigation conduct regardless of whether it ultimately has subject matter jurisdiction over a complaint that has been removed from state court. The case management concerns, i.e. reach the issue of powers prior to the issue of merits, that appear to underlie the Magistrate Judge's order do not apply to litigation misconduct issues.

4. Finally, the Magistrate Judge recently denied a request by Hansmeier for leave to file a motion for sanctions. Hansmeier would like to make clear that this motion is not a repetition of his prior request in hopes of a different result. The Magistrate Judge's denial was based on the Magistrate Judge's interpretation of Hansmeier's request as a request challenging his conditions of confinement. In this motion, Hansmeier focuses exclusively on the Federal Defendants' conduct, which Hansmeier understands should address the Magistrate Judge's reason for denying his prior request.

5. Hansmeier has submitted a motion to vacate the Magistrate Judge's order to extent it was entered in case nos. 21-cv-748, 21-cv-1167 and 21-cv-1553. To the extent Hansmeier's motion is granted, then this request to consider would be moot as to any case in which the order no longer applies.

6. Turning to the merits of Hansmeier's request for an order to show cause, for the past seventy-one days (and counting), Hansmeier has been subjected to severe retaliation by the Federal Bureau of Prisons based on his First Amendment-protected petitioning activity in this case. For the reasons set forth below, it appears that the Federal Defendants were responsible for initiating this retaliation. There is no question that the Federal Defendants have failed to intervene to halt this retaliation. Hansmeier cannot imagine a federal district court hesitating to take swift action against a private actor engaging in such conduct and can see no reason why the result should be different in the case of the Federal Defendants.

7. Hansmeier has been subjected to severe retaliation by the Federal Bureau of Prisons based on his First Amendment-protected petitioning activity in this case. On June 1, 2021, Hansmeier delivered litigation documents to the Federal Defendants in eleven cases that are now before the Court (Hansmeier is deliberately avoiding the use of the word "served" as the status of service is at issue in Hansmeier's motions to remand in those cases). The next day the Bureau of Prisons initiated a retaliatory search of Hansmeier's property, i.e. two SIS lieutenants entered Hansmeier's housing unit, shook down Hansmeier's property but no one else's; and searched for technical violations of the rules. That evening Hansmeier received an incident report for technical violations of the rules and lost his phones for 15 days as a result. On June 7, 2021, Hansmeier was thrown in the SHU, where he has remained ever since. There, Hansmeier is cut off from his family, is stuck in a windowless cell for 23 hours a day and is isolated from his legal materials. To put the absurdity of Hansmeier's SHU detention in its proper context, Hansmeier has been in the SHU so long that there are several inmates who have been through the SHU multiple times since Hansmeier was originally detained.

4

8. On August 8, 2021, Hansmeier was informed why he was in the SHU. Institution officers explained that Hansmeier had been thrown in the SHU due to his litigation activities, leaving no doubt about the Bureau of Prisons' retaliatory motive. This is true despite the inmate handbook's statement that inmates have "the right to unrestricted and confidential access to the courts," including in "civil matters." Institution officers specifically referenced the matters pending before this Court, labelling them extortion.

9. Hansmeier has every reason to believe that the Federal Defendants initiated this retaliation. First, the timing is suggestive of the Federal Defendants' involvement; Again, Hansmeier delivered a large stack of litigation documents to the Federal Defendants on June 1, 2021. The very next day the retaliation started. Second, Hansmeier was approached by an inmate who claimed he heard the unit officer talking about the U.S. Attorney's Office being angry about the cases.* Third, the institution officers who approached Hansmeier were intimately familiar with Hansmeier's cases that were pending before the Court. Based on Hansmeier's interactions with these officers, it seems to be extremely unlikely that these officers would have taken the time to familiarize themselves with Hansmeier's cases.

10. To remove doubt about the Federal Defendants' involvement, the Court can simply order the Federal Defendants to show cause and see if the Federal Defendants even deny initiating the retaliation described above.

11. There can be no doubt that the Federal Defendants have also failed to intervene to halt the Bureau of Prisons' unlawful retaliation. Black letter law provides that law enforcement officers have a duty to intervene when one of their

* Hansmeier has no reason to believe this inmate was lying, but inaccurate rumors have been known to circulate around the prison environment.

own is violating an individual's civil rights under the color of law. In a series of letters which started being sent in early-August to the Federal Defendants, on the one hand, and the Court, on the other, Hansmeier has provided the Federal Defendants with every opportunity to put an end to the retaliation/violation of Hansmeier's civil rights, which is being done at the Federal Defendants' instructions or at least to their benefit.

12. All of the above is conduct the Court can and should address through its inherent powers. A citizen's ability to petition the courts is the primary check an individual (and in particular an inmate) has against unconstitutional government overreach. Any interference with this right must be dealt with by the courts harshly and swiftly. Moreover, the Federal Defendants' actions and failures to act have greatly interfered with Hansmeier's ability to prosecute his claims. Hansmeier is down to a single legal pad and a flexible six inch pen. Hansmeier has gone nearly two weeks without access to legal research. Hansmeier's mail is often delayed and Hansmeier believes there are documents in this case that have not reached him. Hansmeier has no access to his legal materials. Civil litigants cannot be allowed to do this to one another. If the Court fails to act, our civil justice system will take one step closer to being like that of the People Republic of China's, where litigants and their attorneys have been known to disappear overnight. The Court must not allow the Federal Defendants to be associated with this sort of conduct.

13. For a remedy, Hansmeier proposes that the Court order the Federal Defendants show cause for why Hansmeier remains in administrative detention and that absent a showing of good cause the Court impose a civil monetary deterrent sanction of $1,000/day pending Hansmeier's release. If the Federal Defendants end their obstruction of these cases then they can avoid the sanction altogether.

14. The Court should grant this motion for all of the reasons set forth above.

Respectfully submitted,

August 18, 2021

*[signature]*

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072